**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARLON E. BRADSHAW, SR., | |
| Plaintiff, | Civil Action No. 18-14089 (MAS) (LHG) |
| v. | **OPINION** |
| STATE OF NEW JERSEY, et al., | |
| Defendants. | |

**SHIPP, District Judge**

*Pro se* Plaintiff Marlon E. Bradshaw, Sr., has filed a Complaint pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment. (Compl., ECF No. 1.) Having previously granted Plaintiff *in forma pauperis* status (ECF No. 4), the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). For the reasons stated below, the Court dismisses certain of Plaintiff's § 1983 claims, but will allow other claims to proceed past screening.

**I.     BACKGROUND**

The allegations of this Complaint will be construed as true for purposes of this screening opinion. Plaintiff brings this civil rights action against Defendants in Northern State Prison, East Jersey State Prison, and New Jersey State Prison, for violations of his Eighth Amendment rights. Plaintiff alleges that Defendants have been deliberately indifferent to his medical and mental health

needs. (Compl. 5-10.)[1]  On or about December 4, 2018, Plaintiff filed correspondence seeking to supplement his complaint with new allegations of inadequate medical care.[2]  (Correspondence, ECF No. 5.)  Plaintiff seeks damages, an injunction, declaratory relief, and the appointment of counsel. (Compl. 11-12.)

## II.     LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555.) In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter

---

[1] These page numbers refer to the ECF page numbers for ECF No. 1.

[2] The Court will construe the original Complaint and the letter together.  Plaintiff is cautioned, however, that in the future, should he seek to amend or supplement his Complaint, he must file a proper motion to do so. *See* Fed. R. Civ. P. 15; L. Civ. R. 7.1(f).

2

to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556.) A plaintiff must be able to demonstrate that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. at 676. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. ANALYSIS

The Court considers Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### A. State of New Jersey

Plaintiff names the State of New Jersey as a Defendant in this action. States and state agencies are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*,

491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claims against the State of New Jersey are dismissed with prejudice.

B. **Claims against Rutgers**

Plaintiff names Rutgers University Correctional Health Care and Rutgers University Behavioral Health Care as Defendants in this case. Plaintiff states generally that "Defendants . . . have engaged in policies and practices which have created an environment which precludes meaningful and/or adequate medical care for plaintiff in violation of the Eighth Amendment to the United States Constitution." (Compl. 5.)

In order for an entity to be liable under § 1983 for the actions or inactions of its employees, a plaintiff must allege that the policy or custom of that entity caused the alleged constitutional violation. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citation omitted). Here, Plaintiff makes general allegations that the Rutgers entities have policies and practices which preclude adequate health care. (Compl. 5.) These conclusory allegations are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted) (explaining that a pleading must offer more than mere "labels and conclusions or a formulaic recitation of the elements of a cause of action"). Plaintiff has not identified any specific facts which demonstrate that the Rutgers entities have customs or policies in place to deny inmates medical care. Accordingly, all claims as to Rutgers University Correctional Health Care and Rutgers University Behavioral Health Care are dismissed without prejudice.

C. **Claims against Defendants Garcia, Meo, Kesselman and Klansky**

Plaintiff alleges that while he was in Northern State Prison, Dr. Garcia denied him psychotropic medications on May 21-24, of 2014, which caused him physical pain and mental anguish. (Compl. 6.) He alleges that on August 13, 2014, Dr. Meo refused to re-order his

4

Celebrex. (Compl. 6-7.) He states that "[b]etween December 2015 and April,"[3] while at East Jersey State Prison, Dr. Kesselman failed to take seriously his mental anguish from being housed in a double lock situation. (*Id.* at 7.) Finally, Plaintiff states that on June 25, 2016, D.O. Klansky discontinued his prescription for Lorazepam and replaced it with Buspirone, which caused him to suffer a psychotic episode. (Compl. 7-8.)

The claims against these Defendants appear to be untimely. Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A: 14-2; *see also Lagano*, 769 F.3d at 859. Thus, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims here. *Id.* While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015), if the allegations of a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Here, it is apparent from the face of the Complaint that Plaintiff's inadequate medical care claims against these Defendants are barred by the statute of limitations. The events listed above occurred between May of 2014 and June of 2016. Thus, Plaintiff's limitations period for these

---

[3] While Plaintiff does not give a precise date or year in April when the occurrence ended, he does state that he filed a grievance on this matter on April 14, 2016. (Compl. 7.) Thus, the Court will presume that Plaintiff is referring to April of 2016.

5

claims expired, at the latest, in June of 2018. The Complaint in the instant matter was filed on September 24, 2018, and the Complaint itself is dated August 22, 2018. (*See* Compl. 12.) As such, these claims are barred by the statute of limitations.

To the extent Plaintiff wishes to raise an equitable tolling argument under the continuing violation doctrine, this argument fails. "The continuing violations doctrine is not a license to tack untimely claims onto timely claims." *Beckett v. Pa. Dep't of Corr.*, 597 F. App'x 665, 668 (3d Cir. 2015). Instead, it only applies "when a defendant's conduct is part of a continuing practice[.]" *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (quotation marks and citation omitted). Here, Plaintiff alleges actions by numerous Defendants in three different prisons. He has failed to show any particular continuing practice by any named Defendant. Each instance of inadequate medical care appears isolated, and unconnected. *See id.* (quotation marks and citation omitted) ("In order to benefit from the [continuing violation] doctrine, a plaintiff must establish that the defendant's conduct is more than the occurrence of isolated or sporadic acts."). The claims against Defendants Garcia, Meo, Kesselman, and Klansky are dismissed without prejudice.[4]

### D. <u>Inadequate Medical Care Claims</u>

Plaintiff's remaining claims relate to alleged inadequate medical care that he received while at New Jersey State Prison. The Eighth Amendment proscription against cruel and unusual punishment requires, in part, that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle*,

---

[4] To the extent Plaintiff has additional equitable tolling arguments, he may present those arguments in a proposed amended complaint.

6

429 U.S. at 106. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825 (1994).

1.  *Donique Ivery*

Plaintiff alleges that between March 21, 2017 and April 11, 2017, while at New Jersey State Prison, Defendant Ivery discontinued his prescription for Parafon Forte and replaced it with a prescription for Pentoxifylline. (Compl. 8.) Plaintiff explains that the new drug did not relieve his pain or spasms in his legs and caused him to have headaches. (*Id.*)

Here, even assuming Plaintiff suffers from a serious medical condition, Plaintiff fails to allege that Defendant Ivery was deliberately indifferent to his medical needs. Deliberate indifference requires a plaintiff to show that a defendant knowingly disregards an excessive risk to an inmate. *See Natale*, 318 F.3d at 582. Here, Plaintiff states only that his medication was changed to one that did not relieve his pain. This is insufficient to state a claim for relief. *See Andrews v. Camden Cty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) (explaining that a "prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference"); *see also White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990) (explaining that "[i]f the doctor's judgment is ultimately shown to be mistaken, at most what would be proved is medical malpractice, not an Eighth Amendment violation"). The Court dismisses Plaintiff's claim against Defendant Ivery without prejudice.

2.  *Dr. Douglas Leonard*

Plaintiff states that on October 9, 2017, Dr. Leonard prescribed him Trazadone for insomnia, despite Dr. Leonard being aware that Plaintiff was taking Venlafaxine and Buspirone which interact adversely with Trazadone. (Compl. 8.) Plaintiff states that after seven days on

trazadone, he had severe swelling and high blood pressure. (*Id.*) Dr. Leonard then discontinued the Trazadone, but refused to treat Plaintiff's insomnia. (*Id.*) Plaintiff also alleges that four months later, in February of 2018, he requested that Dr. Leonard discontinue his Buspirone and wean him off of Effexor, because abruptly discontinuing Effexor can cause serious withdrawal symptoms. Nevertheless, Plaintiff states that Dr. Leonard abruptly ended the Effexor. (*Id.* 8-9.)

Regarding the insomnia, courts have found that insomnia does not constitute a serious medical need. *See, e.g., Pilkey v. Lappin*, No. 05-5314, 2006 WL 1797756, at *10 (D.N.J. June 26, 2006) (citing *Universal Calvary Church v. City of N.Y.*, 2000 U.S. Dist. LEXIS 15153 (S.D.N.Y. Oct. 13, 2000) ("[I]nsomnia does not qualify as a 'serious injury.'"). Thus, Defendant Leonard's failure to treat the insomnia cannot amount to deliberate indifference. The Court will, however, permit Plaintiff's remaining medical care claims against Dr. Leonard to proceed past screening.

3. *Crystal Simmons*

Plaintiff states that on two occasions in February of 2018, Defendant Simmons "attempted to give [him] the wrong medications." (Compl. 9.) Plaintiff further explains that the first time it occurred, he alerted Defendant Simmons, but she did it again the following evening. (*Id.*) The Court finds Plaintiff's allegations against Defendant Simmons insufficient to demonstrate deliberate indifference. As noted previously, deliberate indifference is more than "mere . . . negligence." *Farmer*, 511 U.S. 825, 860 (1994). Rather, deliberate indifference is "a state of mind equivalent to reckless disregard of a known risk of harm." *Adbul-Aziz v. Nwachukwu*, 523 F. App'x 128, 131 (3d Cir. 2013). Plaintiff's allegations have not met this standard. If anything, the facts indicate that Defendant Simmons acted negligently, which falls short of

demonstrating deliberate indifference. The claims against Defendant Simmons are dismissed without prejudice.

4. *Dr. Ihuoma Nwachukwu*

Plaintiff alleges that Dr. Nwachukwu denied him treatment and adequate pain relief for symptoms of degenerative disc disease in his lumbar spine and shoulder from January 25, 2018 through the present. (Compl 9.) He states that prior to May of 2014 he was prescribed Celebrex for pain, but the prescription was not renewed. (*Id.*) He further alleges that in May of 2018, he was promised an MRI of his spine, but has not yet received it. (*Id.*) Finally, he alleges that Dr. Nwachukwu is treating him for arthritis pain, which Plaintiff has not complained of, and which is insufficient to relieve his pain. (*Id.*)

Plaintiff states that he was "denied . . . treatment and/or adequate pain relief from symptoms of degenerative disc disease[,]" and that he was "treat[ed] . . . f[or] mild-to-moderate arthritis pain" of which he never complained, and was insufficient to relieve his pain. (Compl. 9.) The Court finds these allegations sufficient to proceed at this time. *See Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) (delineating categories of deliberate indifference).

5. *G. Hrishikesan*

Plaintiff alleges that over the course of four months, from April through July 2018, Defendant Hrishikesan "failed to provide . . . Plaintiff[] adequate medical care." (Compl. 10.) Plaintiff explains that he suffers from stenosis and was seen by Defendant Hrishikesan for swelling in his legs. (*Id.*) He states that it was not until he spoke with a vascular surgeon after filing a grievance and writing to the head of Rutgers University Correctional Health Care, that he received proper medication. (*Id.*) Finally, he states that Defendant Hrishikesan was indifferent to the problem with his spine and ignored Plaintiff's request for Hepatitis C treatment. (*Id.*) The Court

9

finds these allegations sufficient to proceed past screening.[5]

      6.     *Additional Claims in Supplemental Correspondence*

In Plaintiff's correspondence, he states that his alleged inadequate medical care continues. (Correspondence 1.) He explains that he received an MRI of his cervical spine instead of his lumbar spine, despite his complaints of pain to his lower back and tail bone. (*Id.*) He also avers that he has not been provided with copies of his medical records and certain electronic correspondence. (*Id.* at 1-2.)

Plaintiff does not identify who committed the wrongful acts alleged. *See Evancho*, 423 F.3d at 353 (citation omitted) ("The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible" for the alleged misconduct). Without any allegations as to who committed the alleged misconduct, these claims cannot proceed.[6] The Court dismisses claims in Plaintiff's supplemental correspondence without prejudice.

---

[5] Plaintiff separately states that between 2014 and 2017 unnamed providers prescribed him improper medications and continue to draw blood from his radial veins despite "a clear and present danger of causing [him] permanent harm." (Compl. 10.) Because Plaintiff has not identified the specific providers, the Court dismisses this claim for relief. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (explaining that a civil rights complaint "is adequate where it states the conduct, time, place, and *persons responsible*" for the alleged misconduct) (emphasis added). In addition, to the extent Plaintiff is seeking the appointment of *pro bono* counsel and an injunction, he may file a separate motion seeking the relief requested.

[6] Plaintiff states only that the medical records clerk, Ms. Johnson, explained to Plaintiff that she did not have the records he requested. There is nothing to indicate that Plaintiff intends for Ms. Johnson to be a defendant in this action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's inadequate medical care claims shall proceed against Dr. Douglas Leonard, Dr. Ihuoma Nwachukwu, and G. Hrishikesan. The Court dismisses with prejudice Plaintiff's claims against the State of New Jersey, and dismisses the remaining claims without prejudice. An appropriate Order follows.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: May 1, 2019